DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DENNIS K. ROCK,**
Appellant,

v.

**DEPARTMENT OF REVENUE,**
Appellee.

No. 4D14-917

[March 4, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Sherwood Bauer, Judge; L.T. Case No. 05-711-DR.

Dennis K. Rock, Avon Park, pro se.

No brief filed for appellee.

PER CURIAM.

Dennis Rock appeals the trial court's order adopting the hearing officer's denial of his petition to place his child support obligation in abeyance until he is released from prison. Appellant, who is serving a 180 month term of incarceration, filed a petition to place child support in abeyance. A telephonic hearing was held before a child support enforcement hearing officer. The hearing officer denied appellant's motion, stating that "[t]he petition fails to seek any relief permissible under Florida law." The trial court adopted the recommendations of the hearing officer.

The trial court erred. Under *Department of Revenue v. Jackson*, 846 So. 2d 486 (Fla. 2003), appellant's petition should have been held in abeyance on the court's inactive calendar.

> [P]ursuant to section 61.14(1)(a), a parent seeking modification of child support payments because he or she is unable to pay the installments due to incarceration may file a petition to modify with the trial court that entered the original child support order. Thereafter, the trial court shall hold the petition in abeyance and place the matter on its inactive calendar for the term of the obligor parent's incarceration.

During this time, the petition is not subject to dismissal for failure to prosecute, and the relationship of the incarceration to support is good cause to delay activity. The support installments, although still outstanding according to the original payment schedule, do not accrue as a vested interest of the child to be reduced to judgment which cannot be altered . . . Upon the obligor's release, any party to the initial support arrangement may bring the original petition for modification to the trial court's attention for resolution. At that time, the trial court shall conduct a hearing on the matter. In reaching a conclusion with regard to the resolution of support matters, the trial court should consider all current facts and equitable factors to determine a realistic plan for the payment of meaningful support, both past and future.

*Id.* at 491; *see Halliwell v. Halliwell,* 741 A.2d 638 (N.J. Super. Ct. App. Div. 1999).

Instead of denying appellant's petition, the trial court should have placed the matter on its "inactive" calendar. Accordingly, this case is remanded to the trial court for further proceedings consistent with this opinion.

WARNER, GROSS and CIKLIN, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***